IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANCISCO JOEL RIVERA, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>EQUIFAX INFORMATION SERVICES, LLC, )<br>)<br>*Defendant*. )<br>)<br>) | COMPLAINT – CLASS ACTION<br><br>CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## I.     PRELIMINARY STATEMENT

1. This is a consumer class action brought for willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Equifax Information Services, LLC ("Equifax"), a consumer reporting agency.

2. As a consumer reporting agency ("CRA"), Equifax is required by the FCRA to reinvestigate the accuracy of "any item of information" that is disputed by a consumer. 15 U.S.C. § 1681i(a)(1)(A). As part of the reinvestigation, Equifax must notify the source of the disputed information about the dispute and provide the source with all relevant information provided by the consumer with the dispute. 15 U.S.C. § 1681i(a)(2)(A).

3. Despite the requirement that Equifax reinvestigate any information that is disputed by a consumer, Equifax routinely fails to reinvestigate "inquiry" information that is disputed by a consumer. An "inquiry" on a consumer report is the identification of a person or business that obtained a consumer report from Equifax pertaining to the consumer in connection with a credit or other transaction involving the consumer.

4. Like other items on a consumer report (commonly known as a "credit report"), inquiry information is sometimes inaccurate. Yet Equifax ignores its legal obligation to reinvestigate disputes of inquiries, and instead tells the consumer to contact the person who obtained the consumer's report if the consumer thinks the inquiry is inaccurate.

5. Equifax has willfully violated the requirements of the FCRA § 1681i(a)(1) and (2) by failing to reinvestigate disputed inquiries and failing to notify the source of the inquiry about the consumer's dispute.

## II. JURISDICTION and VENUE

6. The Court has federal question jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Equifax can be found in this District and regularly sells its products and services in this District.

## III. PARTIES

8. Plaintiff Francisco Joel Rivera ("Rivera") is a resident of New Britain, Connecticut, and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Equifax Information Services, LLC is a limited liability company that regularly conducts substantial business in the State of Georgia and which has its principal place of business in Atlanta, Georgia.

10. Equifax is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## IV. FACTUAL ALLEGATIONS

11. In December of 2016, Rivera reviewed his Equifax credit report and noticed that Equifax was reporting an item that he did not recognize, namely an inquiry from Hughes Network Systems ("Hughes") dated November 17, 2016. The Hughes inquiry did not relate to Rivera and did not pertain to any application for credit or services he had made.

12. Hughes is a satellite internet service provider based in Maryland. Rivera has never had any relationship with Hughes and has obtained internet services from Comcast for more than 10 years.

13. On or about December 14, 2016, Rivera contacted Equifax to dispute the presence of the Hughes inquiry.

14. An Equifax representative told Rivera to contact Hughes concerning removal of the inquiry.

15. Rivera contacted Hughes and requested that Hughes remove the information from his Equifax file. A Hughes representative told Rivera that because he had never been a Hughes customer, his information was not in its records and that it could not help him.

16. Rivera contacted Equifax to dispute the Hughes inquiry again on or about February 15, 2017 and again on or about March 28, 2017. Each time, an Equifax representative told him to contact Hughes concerning removal of the inquiry.

17. Rivera explained to the Equifax representatives that he had contacted Hughes and that it could not help him because he had no relationship with it.

18. In July of 2017, Rivera again obtained a copy of his Equifax credit report. Equifax continued to report the Hughes inquiry.

19. On or about July 11, 2017, Rivera notified Equifax that he disputed the Hughes inquiry again.

20. In response to his dispute, Equifax sent Rivera a letter and copy of his Equifax credit file dated July 17, 2017, which is attached hereto as Exhibit A. In relevant part, it stated:

> If we were able to make changes to your credit report based on the information you provided, we have done so.
>
> Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.
>
> In this situation:
>
> - We request that the reporting company verify the accuracy of the information you disputed;
>
> - We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and
>
> - We request that they send Equifax a response to your dispute and update their records and systems, as necessary.
>
> If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

Ex. A at 2.

21. With respect to the results to Rivera's dispute of the Hughes inquiry, Equifax stated:

> >>>> ***We have reviewed the inquiry information for Hughes Network Systems. The results are:*** Inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor. If you have additional questions about this item please contact: ***Hughes Network Systems, 11717 Exploration Ln, Vpn #1, Germantown, MD 20876−2711***

*Id*. at 4 (emphasis in original).

5

22. Equifax's statement that it had "reviewed" Rivera's dispute of the inquiry and "contacted the company reporting the information to Equifax for them to investigate your dispute" was not true. Equifax had not contacted Hughes.

23. As a direct and proximate result of Equifax's false statements and refusal to reinvestigate his dispute, Rivera suffered, without limitation, the following injuries:

    A. The continued presence of the Hughes inquiry on his credit report and reduction of his credit score;

    B. Deprivation of the information that Equifax had not reinvestigated his dispute or contacted Hughes which, at a minimum, would have armed him with additional information concerning his creditworthiness;

    C. Distress from getting the run around from Equifax concerning his disputes and what Equifax would actually do to investigate them; and

    D. Lost time and resources expended in association with making multiple ignored disputes of the Hughes inquiry to Equifax and directly contacting Hughes itself only to learn that it could not help.

## V. CLASS ACTION ALLEGATIONS

24. When a consumer notifies Equifax that the consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" Equifax must "conduct a reasonable reinvestigation to determine whether the

disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A). As part of the reinvestigation, Equifax must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer…." 15 U.S.C. § 1681i(a)(2)(A).

25. Part of the information that Equifax includes on its consumer reports is a list of persons who obtained a consumer report on that consumer within the previous two years. Equifax will report the name and address of the person and the date they obtained the consumer report. Each such combination of name, address and date is known as an "inquiry." Inquiry information is included on a credit report because it is part of a consumer's credit history. Inquiry information identifies the persons with whom the consumer has sought credit and shows how often the consumer has sought credit.

26. Inquiries have a negative impact on a consumer's credit score. The more inquiries, the lower the score. That is because the scoring programs view each inquiry as an application for credit by that consumer, and a consumer who makes multiple applications is considered a greater risk than a consumer who does not.

27. Inquiry information is often inaccurate, and inquiries may appear on a consumer's credit report notwithstanding the fact that the consumer did not seek credit. This can occur when a consumer reporting agency provides a consumer's report to a creditor who requested a report on a different person who may have a similar name.

28. Listing inquiries on a consumer's report that do not belong to that consumer misrepresents that consumer's credit history regarding the number of times, and with whom, the consumer has sought credit or services. It also unfairly lowers the consumer's credit score.

29. If a consumer disputes an inquiry, Equifax must reinvestigate to determine whether the inquiry pertains to that consumer and should be part of that consumer's credit history. As part of the reinvestigation, Equifax must notify the source of the inquiry about the consumer's dispute and provide the source with all the relevant information provided by the consumer. Alternatively, Equifax can delete the inquiry.

30. Equifax does none of these things. It does not reinvestigate the disputed inquiry. It does not notify the source about the consumer's dispute. It does not provide the source with all the relevant information about the dispute. And it does not delete the inquiry.

31.   Contacting the source is critical in doing a reasonable reinvestigation. In situations where the wrong consumer's report was provided to the source, the source may know it got a report on a consumer who is not the person they were dealing with; or it could check its records to determine if that occurred. Equifax can also reinvestigate such cases by comparing the identifying information for the consumer whose report was provided to see if it differs from the identifying information provided by the person who requested the credit report.

32.   Equifax's failure to reinvestigate the dispute, contact the source of the disputed information, or delete the disputed inquiry information violates one of the most fundamental protections afforded to consumers under the FCRA. A consumer has a right to dispute the accuracy or completeness of "any item of information contained in a consumer's file" and Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). Equifax's practice takes away this fundamental right of a consumer to dispute and have the disputed information reinvestigated. Moreover, it undermines the accuracy of the information on consumer reports. Consumers often notice inaccurate information on a consumer report that the consumer reporting agency is not aware of. Through the dispute and reinvestigation procedure mandated by the FCRA, inaccurate information is removed from credit reports. The dispute

procedure is virtually the only way that a consumer can correct errors on a consumer report.

33. Equifax has long been aware of its obligations to reinvestigate inquiry disputes. It had the benefit of plain, unambiguous statutory language requiring a reasonable reinvestigation of "the completeness or accuracy of *any item* of information contained in a consumer's file" that is disputed by that consumer. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

34. Regulatory guidance from the Federal Trade Commission further elucidated a consumer reporting agency's duty to reinvestigate disputed inquiries or delete them, to wit:

> When a CRA receives a dispute from a consumer alleging that an inquiry that appears in his/her file was not made by a person who had a permissible purpose for obtaining the consumer report, and those allegations are supported by the CRA investigation, the CRA has two options. It may either delete the inquiry as inaccurate, or amend the file to make the item "complete" by reflecting clearly that the inquiry was generated by a party who did not have a permissible purpose to obtain a consumer report on the consumer.

*See* FEDERAL TRADE COMMISSION, *40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations*, 77 (2011) https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last visited Sept. 26, 2018).

35. The Eleventh Circuit Court of Appeals has held that a consumer reporting agency like Equifax violates section 1681i(a)(1) if it fails to do a reasonable reinvestigation when a consumer disputes "information contained in his file." *Collins v. Experian Info. Sol's, Inc.*, 775, F.3d 1330, 1335 (11th Cir. 2015) ("[a] file is simply the information retained by the consumer reporting agency.").

36. Other courts of appeals have for many years also instructed CRAs to reinvestigate any item that it reports and that a consumer disputes, regardless of the context. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-13 (3d Cir. 2010) (OFAC terrorist alerts that CRA keeps off site with another company but placed on its credit reports are in the consumer file and must be reinvestigated); *Morris v. Equifax Info. Serv's, LLC*, 457 F.3d 460, 466-68 (5th Cir. 2006) (Equifax must reinvestigate store charge account that is on file kept by one of Equifax's affiliates but which can be sold by Equifax in its credit reports); *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986); *Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982); *Dennis v. BEH-1, LLC*, 520 F.3d 1067 (9th Cir. 2008).

37. This very Court has held that:

> More than simply comporting with the plain language of the statute, [requiring reinvestigation of inquiry disputes] best serves to advance the purpose of FCRA's reinvestigation requirements—ensuring the accuracy of the information used by creditors to determine a consumer's creditworthiness. As the Eleventh Circuit has noted, the standard of accuracy imposed by the FCRA "should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting." *Cahlin v. Gen.*

11

*Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991). The interests of consumers and potential creditors are best served by deletion of hard inquiries that Equifax itself admits "misstate[ ]" the consumer's credit history. Consumer's credit scores are negatively impacted by fraudulent or inaccurate credit inquiries, and creditors are provided with an inaccurate portrait of the consumer's credit history. The only entity that benefits is Equifax, which does not have to expend resources reinvestigating disputed credit inquiries.

*Steed v. Equifax Info. Serv's, LLC*, No. 1:14-cv-0437-SCJ, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016).

38. Equifax recognizes its obligation to reinvestigate disputed information and to contact the source as part of that reinvestigation. This is evident in the letter sent to Rivera in which Equifax stated that it had "reviewed the inquiry information for Hughes Network Systems" and "contacted the company reporting the information to Equifax for them to investigate your dispute." Ex. A at 4. Nevertheless, Equifax deliberately fails to comply with these legal requirements that it acknowledges it has. In its form response, Equifax tells the consumer to contact the source of the inquiry if the consumer believes it is unauthorized. The FCRA requires that Equifax, not the consumer, contact the source.

39. Equifax's failure to reinvestigate disputed inquiry information is a result of its standard policies and practices adopted in reckless disregard of consumers' rights under the FCRA.

40. Rivera brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, based on Equifax's failure to comply with 15 U.S.C. § 1681i(a)(1) and (2).

41. Rivera seeks to represent the following classes:

    A.    Two-Year Failure to Reinvestigate Class

All persons residing in the United States and its Territories who notified Equifax of a dispute of an inquiry appearing in their Equifax credit files and to whom Equifax sent a letter similar in form and content to the letter sent to Rivera in the attached Exhibit A, during the period beginning two years prior to the filing of this action and through the time of judgment.

    B.    Post Summary Judgment Ruling Failure to Reinvestigate Class

All persons residing in the United States and its Territories who notified Equifax of a dispute of an inquiry after District Judge Jones' ruling in the matter of *Steed v. Equifax Info. Serv's, LLC*, No. 1:14-cv-0437-SCJ, 2016 WL 7888039 (N.D. Ga. Aug. 31, 2016) and to whom Equifax sent a letter similar in form and content to the letter sent to Rivera in the attached Exhibit A, during the period beginning September 1, 2016 and continuing through the time of judgment.

42. Each of the classes is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Equifax, Equifax has represented that it receives approximately 10,000 disputes a day, amounting to millions of disputes each year. Accordingly, Plaintiff estimates that each class has thousands of members.

43. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The

principal questions are whether Equifax violated the FCRA by failing to reinvestigate and contact the source of the disputed inquiry, or delete it; and whether the violations were willful.

44. Rivera's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theory: a dispute to Equifax regarding an inquiry, which Equifax did not reinvestigate or delete as required by 15 U.S.C. § 1681i(a)(1) and (2). Rivera received results of his disputes from Equifax with standard form language. Rivera's claim is typical of the two-year class because he made his dispute within two years. Rivera's claim is typical of the Post Summary Judgment Ruling class because he made his dispute after Judge Jones' ruling in the matter of *Steed v. Equifax Info. Serv's, LLC*, No. 1:14-cv-0437-SCJ, 2016 WL 7888039 (N.D. Ga. Aug. 31, 2016).

45. Rivera will fairly and adequately protect the interests of the classes. Rivera are committed to vigorously litigating this matter and have retained counsel experienced in handling class actions and claims under the FCRA. Neither Rivera nor his counsel have any interests that might cause them not to vigorously pursue these claims.

46. This action should be maintained as a class action because questions of law and fact common to class members predominate over any questions affecting only individual class members, and because a class action is a superior method for

the fair and efficient adjudication of this controversy. Equifax's conduct described in this Complaint stems from standard policies and practices, resulting in common violations of the FCRA. Class members do not have an interest in pursuing separate actions against Equifax, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Equifax's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

47. This action should be maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of class members not parties to the adjudications or substantially impair or impede their ability to protect their rights.

## VI.     CLAIMS *for* RELIEF

### FIRST CLAIM *for* RELIEF
*On Behalf of Plaintiff and the Two-Year Failure to Reinvestigate Class for Defendant's Violations of FCRA §§ 1681i(a)(1) and (2)*

48.     Rivera realleges and incorporates the foregoing paragraphs.

49.     Equifax received notice from Rivera that he disputed the accuracy of inquiries on his Equifax credit report.

50.     Equifax willfully and negligently failed to comply with the requirements of FCRA sections 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry, notify the source of the inquiry about the dispute, and provide the source with all relevant information Rivera provided to Equifax; or (b) delete the inquiry.

51.     Rivera brings this claim on behalf of the following class:

> All persons residing in the United States and its Territories who notified Equifax of a dispute of an inquiry appearing in their Equifax credit files and to whom Equifax sent a letter similar in form and content to the letter sent to Rivera in the attached Exhibit A, during the period beginning two years prior to the filing of this action and through the time of judgment.

52.     Pursuant to FCRA sections 1681n and 1618o, Equifax is liable to Rivera and all class members for its failure to comply with FCRA sections 1681i(a)(1) and (2) in an amount equal to the sum of (1) statutory damages of up to $1,000 per violation, (2) punitive damages in an amount to be determined by the

jury, (3) actual damages in an amount to be determined by the jury, (4) attorney's fees, and (5) costs.

## SECOND CLAIM *for* RELIEF
*On Behalf of Plaintiff and the*
*Post Summary Judgment Ruling Failure to Reinvestigate Class*
*for Defendant's Violations of FCRA §§ 1681i(a)(1) and (2)*

53. Rivera realleges and incorporates the foregoing paragraphs.

54. Equifax received notice from Rivera that he disputed the accuracy of inquiries on his Equifax credit report.

55. Equifax willfully and negligently failed to comply with the requirements of FCRA sections 1681i(a)(1) and (2) by failing to (a) reinvestigate the disputed inquiry, notify the source of the inquiry about the dispute, and provide the source with all relevant information Rivera provided to Equifax; or (b) delete the inquiry.

56. Rivera brings this claim on behalf of the following class:

All persons residing in the United States and its Territories who notified Equifax of a dispute of an inquiry after District Judge Jones' ruling in the matter of *Steed v. Equifax Info. Serv's, LLC*, No. 1:14-cv-0437-SCJ, 2016 WL 7888039 (N.D. Ga. Aug. 31, 2016) and to whom Equifax sent a letter similar in form and content to the letter sent to Rivera in the attached Exhibit A, during the period beginning September 1, 2016 and continuing through the time of judgment.

57. Pursuant to FCRA sections 1681n and 1618o, Equifax is liable to Rivera and all class members for its failure to comply with FCRA sections 1681i(a)(1) and (2) in an amount equal to the sum of (1) statutory damages of up to

$1,000 per violation, (2) punitive damages in an amount to be determined by the jury, (3) actual damages in an amount to be determined by the jury, (4) attorney's fees, and (5) costs.

## VII.  JURY TRIAL DEMAND

58.  Plaintiff demands a jury trial on all claims.

## VIII.  PRAYER *for* RELIEF

WHEREFORE, with respect to his First Claim for Relief, Plaintiff prays for judgment against Defendant as follows:

a.  An order certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

b.  An order declaring that Defendant's actions are in violation of the FCRA;

c.  Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per class member, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d.  Actual damages in an amount to be determined by the jury, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

e.  Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

   f. Attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b); and

   g. Such other relief as may be just and proper.

WHEREFORE, with respect to his Second Claim for Relief, Plaintiff prays for judgment against Defendant as follows:

   a. An order certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

   b. An order declaring that Defendant's actions are in violation of the FCRA;

   c. Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per class member, pursuant to 15 U.S.C. § 1681n(a)(1);

   d. Actual damages in an amount to be determined by the jury, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1)

   e. Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

   f. Attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b); and

   g. Such other relief as may be just and proper.

| | |
|---|---|
| DATED: September 27, 2018 | Respectfully submitted, |

FRANCISCO JOEL RIVERA,

by his attorneys,

*/s/James M. Feagle*
James M. Feagle
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, GA 30084
T: 404-373-1970
F: 404-601-1855
jimfeagle@skaarandfeagle.com

James A. Francis*
John Soumilas*
FRANCIS & MAILMAN, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

Micah S. Adkins*
THE ADKINS FIRM, P.C.
Mooreland Manor
7100 Execute Center Dr., Suite 110
Brentwood, TN 37027
T: 615-370-9659
F: 615-370-4999
micahadkins@itsyourcreditreport.com

Robert S. Sola*
ROBERT S. SOLA, P.C.
1500 SW First Avenue, Suite 800
Portland, OR 97201
T: 503-295-6880
F: 503-243-4546
rssola@msn.com

*Pro hac vice* applications forthcoming

*Attorneys for Plaintiffs*